Opinion of the Court.
THIS cause depends on the following entry, which was sustained by the court below :
‘“May 16, 1780—Charles Curd enters 800 acres, upon a treasury warrant, on the south side of the Ohio, near the lower end of the second large bottom above the mouth of the Little Miami, beginning at a hoop ash and sugar tree, on the upper side of a small run ; thence upwards, with the courses of the Ohio, and binding thereon, 400 poles, to two buckeyes and a *115 beech, on the bank of the river; thence S. 50 W. and back from the before mentioned corners, for quantity.”
This entry was collaterally involved in the case of Morgan and Bradford vs. Mullins, decided at the spring term 1821. The proof in this case is somewhat different from what it was in that; but the difference is not very material, except as to the small run. The Little Miami is shown to be notorious, and the second large bottom so easily distinguished, that no person could doubt what bottom was intended, who travelled up the Ohio from the mouth of the Miami. The complainant below, who holds under Curd’s entry, claims his beginning about one mile above the lower end of the bottom, at the mouth of a small run, marked as his corner. This whole bottom is from five to seven miles in length. Proceeding downwards from the beginning of Curd’s survey, there is another small run, with a hoop-ash and sugar tree, not marked, standing above its mouth. This run is 127 poles below the one claimed, and the bottom there, is 24 poles wide. Progressing downwards about 108 poles further, is another small run, with a sugar tree and hoop-ash above its mouth likewise. There are one or two streams below this; but, according to the testimony in this, cause, they are but drains, and deserve not the appellation of runs; nor are there any trees corresponding with those called for in the entry, at these lowest drains. At the middle run of these three, the court below fixed the entry of Curd. From this decision both parties appealed, and one now contends that the survey ought to be placed at the mouth of the upper branch, where it was actually surveyed, now called the Poplar Camp branch, while the other contends for the lowest of these three.
But little aid can be derived from the calls for trees in this entry. They are not described or marked, and cannot be presumed to be so, when named in an entry. The complainant below has attempted to prove that they were marked in 1785, before the survey was made, as corner trees. But the locator, to have availed himself of these marks, ought to have named them in his entry. If a small run, entitled to that appellation, existed below the lowest run named, there might have been some controversy, whether the call for the trees ought not to be deemed an immaterial call, as was de *116 cided by this court in the case of Greenup vs. Lyne, 2 Bibb 369, and the entry be placed at its mouth, without regard to trees. But as no run below this appears deserving the name, to rival it, and trees corresponding are found there, no valid objection to the mouth of this lowest branch can be made. To avoid being brought to this run, the complainant below has shown that the bottom is broken there. Notwithstanding, it was subject to appropriation; and the locator has shown no intention to avoid broken land. Some witnesses say, that the Poplar Camp branch is larger, and looks more like a run than the other. This proof is a little unfortunate for the complainant; for his entry designates a small one, as opposed to a run of a larger size; so that, in comparing the runs in the bottom, the locator was forbidden to take the largest. The proof is also satisfactory, that the lowest branch is a small run, and well deserves that name. It is proved, that the trees at the two upper runs are larger than those at the lowest. To this it may be answered, that the trees at the lowest run are large enough to have existed at the date of the entry, and the locator has not pointed us to large trees.
We therefore, conceive that the survey ought to be fixed at the lowest of these three branches, where it will better suit all the calls of the entry, in being near the end of the bottom. When placed there, it is doubtful whether it will at all interfere with the survey of the defendants. As this, however, is somewhat uncertain, we shall leave it to the court below to ascertain it.
It has been contended in argument, that the trees called for in this entry at its upper corner, found at or near the precise distance, ought to aid and sustain it. It is true, these trees appear to have been there at the date of the original survey, in 1785. To this point the proof seems not to have been directed, and no depositions are taken on one side, to show that these trees existed alone, without any of the same kind to rival them; or on the other, to prove that there are more, at a lower point, of the same kind. It might be a matter of some question, whether we ought to presume other trees of the same kind on the river bank, and require of the plaintiff below to have proved their existence there to be singular, in order to aid the defect of *117 the call, in naming no marks, before we sustained his claim. But we are relieved from the decision of this question ; for the title papers in the cause are not silent on the kind of timber which maybe found there. The upper corner of Curd, when surveyed at the lowest of the three branches, must come very near to the lower corner of the survey of his adversary ; and that corner, according to the survey, it is remarkable, consists of precisely the same kind of timber called for in Curd’s entry ; which proves, conclusively, that the subsequent locator, who would have begun his search where we have directed him, would have found trees corresponding with Curd’s upper corner, near the place they ought to be, and some distance before he came to the place where they are claimed to exist, by the complainant below. This at once destroys all aid to be derived from the upper trees.
The decree must, therefore, be reversed, and the cause be remanded, that the circuit court may ascertain whether there be any interference, when Curd’s entry is surveyed agreeably to this opinion, and to enter the final decree accordingly.
The complainant below must pay the costs of both appeals.